IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| FIRSTBANK SOUTHWEST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-063-Z |
| | § | |
| SEABOARD FOODS, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Before the Court is Plaintiff FirstBank Southwest's Motion to Remand [ECF No. 9]. For the following reasons, Plaintiff's motion is GRANTED.

### BACKGROUND

On February 4, 2020, Plaintiff filed suit in Texas state court alleging Texas state law causes of action for breach of contract and for declaratory judgment. *See* ECF No. 17 at 1. Prior to all named defendants being served, the Seaboard Defendants removed the case to this Court. *Id.* at 1–2. Plaintiff subsequently filed its timely motion to remand this case back to the 84th District Court of Texas. ECF No. 9.

### LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Lavery v. Barr,* 943 F.3d 272, 275 (5th Cir. 2019) (internal quotations omitted). The party seeking to assert federal jurisdiction has the burden to prove subject matter jurisdiction exists. *New Orleans Gulf Coast Ry. Co. v. Barrois,* 553 F.3d 321, 327 (5th Cir. 2008). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. And Cas. Ins. Co.,*

276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Subject matter jurisdiction based on diversity of citizenship exists only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir.1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation. It does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).

**ANALYSIS**

This is a contract dispute arising under Texas law. *See* ECF No. 9 at 2. Plaintiff alleges Defendants breached a lease agreement. *Id.* at 3. Specifically, Plaintiff alleges Defendants Roadrunner Express ("Roadrunner") and Jazhel S. Moreno d/b/a M5 Transport ("M5") ratified the master lease agreement in writing and are therefore liable under the terms of the lease. *Id.*

The Seaboard Defendants argue Plaintiff's Motion to Remand should be denied because Roadrunner and M5 were improperly joined to defeat diversity. *See* ECF No. 12 at 5. Seaboard Defendants base their arguments on the "properly joined and served" language found in 28 U.S.C. § 1441(b)(2). *Id.*

### A. Improper Joinder

A party seeking to remove an action on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc), *cert. denied*, 554 U.S. 992 (2005). "Although there is no substantive difference between the two

terms, 'improper joinder' is preferred." *Id.* at 572.

To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). When the party alleging improper joinder does not assert fraud by the plaintiff, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

To address this issue, the district court must determine whether Plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id.* If there is a reasonable possibility that Plaintiff can recover on any of her claims, the case must be remanded. A court does not "decide whether the plaintiff will actually or even probably prevail on the merits but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted).

When addressing whether a party has been improperly joined, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to

determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

Seaboard Defendants mistakenly conflate procedural law regarding forum-state defendants and jurisdictional law found in 28 U.S.C. § 1332. Section 1441(b)(2) begins, "A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a)...." Section 1441(b)(2) applies when complete diversity exists *prior* to any forum-state analysis. *Id.* Here, the case is not "otherwise removable" because Roadrunner and M5 share citizenship with the Plaintiff. *See* ECF No. 12 at 4.

It is undisputed that Roadrunner and M5 are citizens of Texas. *Id.* Further, Seaboard Defendants do not allege fraud in Plaintiff's pleading of jurisdiction. *Id.* at 8. Rather, they argue Roadrunner and M5 were improperly joined because Plaintiff failed to plead any valid state law claims against Roadrunner or M5. *Id.* Seaboard Defendants base this argument on two sections of the master lease agreement at issue. *Id.* at 9-10. They argue Plaintiff cannot recover because the master lease agreement because the lease agreement states that any balance remaining "will be paid by Texas Farm". *Id.*

Texas law is well settled regarding ratification of contracts. Ratification of a contract occurs when a party recognizes the validity of a contract by acting or performing under that contract or by otherwise affirmatively acknowledging it. *Missouri Pacific R.R. Co. v. Lely Dev. Corp.*, 86 S.W.3d 787, 792 (Tex.App.—Austin 2002, pet. dism'd) (citing *Stable Energy, L.P. v.*

*Newberry*, 999 S.W.2d 538, 547 (Tex.App.—Austin 1999, pet. denied)); *see also Fowler v. Resolution Trust Corp.*, 855 S.W.2d 31, 35 (Tex.App.—El Paso 1993, no writ). Thus, if a party to a contract, by its conduct, recognizes a contract as valid, having knowledge of all relevant facts, it ratifies the contract. *Id.* Once a party ratifies a contract, it may not later withdraw its ratification and seek to avoid the contract. *Lely Dev. Corp.*, 86 S.W.3d at 792. "Ratification may be inferred by a party's course of conduct and need not be shown by express word or deed." *Id.* (citations omitted). Any act inconsistent with an intent to avoid a contract has the effect of ratifying the contract. *Id.* Whether a party has ratified a contract may be determined as a matter of law, if the evidence is not controverted or if it is incontrovertible. *Id.*

Here, Seaboard Defendants do not dispute Roadrunner and M5 ratified the master lease agreement. *See* ECF No. 12. Instead, Seaboard Defendants rely on the aformentioned sections of the master lease agreement. *Id.* at 9-10. Unfortunately for Seaboard Defendants, the sections they rely on are not limitation of liability clauses or indemnity clauses. It is not before this Court whether Roadrunner or M5 may have a contribution claim against Texas Farm. The Court only looks to whether there is a reasonable chance Plaintiff *could* recover against Roadrunner and M5, and Seaboard Defendants have failed to meet their burden to prove Plaintiff cannot recover. As such, Plaintiff properly joined Roadrunner and M5.

### B. Subject Matter Jurisdiction

Because Plaintiff properly joined Roadrunner and M5, the Court looks to whether complete diversity exists between the parties. After being ordered by the Court to properly plead jurisdiction, Seaboard Defendants acknowledge: (1) Plaintiff is a citizen of Texas; (2) the Seaboard Defendants are residents of Delaware and Kansas; and (3) Roadrunner and M5 are citizens of Texas. ECF No. 14 at 1-2. The Court examines these facts in light most favorable to the non-movant. In light of the

jurisdictional facts of this case, the Court lacks subject matter jurisdiction. Plaintiff and two of the defendants are citizens of the same state, and therefore removal was improper. This case is remanded back to the 84th District Court of Texas.

### CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. § 1447, it is ORDERED the Plaintiff's Motion to Remand is GRANTED. Further, the Court is concerned with Seaboard Defendants' repeated misapplication and misrepresentation of federal rules and law. As a result of the unreasonable removal, the Court GRANTS Plaintiff's request and awards Plaintiff reasonable attorney fees related to the removal of this case.

**SO ORDERED.**

January 27, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE